[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12545

Non-Argument Calendar

_____

JUAN JOSE GUSHIKEN AYALA,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A087-133-525

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Juan Gushiken Ayala appeals the Board of Immigration Appeals's ("BIA") denial of his motion to reopen his removal proceedings pursuant to its *sua sponte* authority. But because the BIA's decision whether to reopen *sua sponte* is committed to the agency's discretion, we dismiss Ayala's petition for review for lack of jurisdiction.

We review *de novo* our own subject matter jurisdiction. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). Generally, when an appellant fails to offer argument on an issue, that issue is deemed abandoned. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1145 (11th Cir. 2010). Likewise, arguments not raised in a petitioner's initial brief are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

The Immigration and Nationality Act ("INA") permits a non-citizen to file one motion to reopen removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). Subject to certain statutory exceptions and equitable tolling, a motion to reopen must be filed within 90 days of the entry of a final administrative removal order. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016). We have jurisdiction to review the BIA's denial of a petitioner's motion for statutory reopening. *Butka*, 827 F.3d at 1283.

The BIA also has the authority to reopen removal proceedings *sua sponte* at any time. *Id.*; 8 C.F.R. § 1003.2(a). No statute expressly authorizes the BIA to reopen cases *sua sponte*; rather, the regulation at issue derives from a statute that grants general authority over immigration and nationalization matters to the Attorney General and sets no standard for the Attorney General's decision-making in this context. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008). A non-citizen can file a written motion with the BIA asking it to exercise its *sua sponte* authority to reopen removal proceedings. *Butka*, 827 F.3d at 1283; 8 C.F.R. § 1003.2(a). Whether to grant or deny such a motion is entirely within the BIA's discretion. *Lenis*, 525 F.3d at 1293–94. Unlike the denial of statutory reopening, we lack jurisdiction to review the BIA's denial of a motion to reopen pursuant to its *sua sponte* authority because such a determination is committed to agency discretion by law and there is no meaningful standard against which to judge the agency's exercise of discretion. *Id.*; *Butka*, 827 F.3d at 1285–86. We have expressly left open the question of whether we may exercise jurisdiction over constitutional claims related to an underlying request for *sua sponte* reopening. *Butka*, 827 F.3d at 1285 n.6 (citing *Lenis*, 525 F.3d at 1294 n.7). In asserting a constitutional claim, a petitioner must allege at least a colorable constitutional violation. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007).

Due process claims must assert a deprivation of a constitutionally protected liberty or property interest. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 868–69 (11th Cir. 2018). There is no

constitutionally protected interest in purely discretionary forms of relief -- including motions to reopen. *Id.* at 869; *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).

Here, Ayala's motion to the BIA asked that it exercise its discretion to *sua sponte* reopen his cancellation of removal proceedings under 8 C.F.R. § 1103.2(c).[1]  However, we lack jurisdiction over this claim. *See Lenis*, 525 F.3d at 1294 (holding that we lack jurisdiction to review the BIA's denial of a motion to reopen *sua sponte*).  And while Ayala argues in his reply brief that he brought both legal claims and a constitutional claim premised on due process violations, his initial brief before us does not develop a due process claim nor any other constitutional claim.  Therefore, he abandoned any arguments concerning a constitutional claim and we decline to consider them. *Timson*, 518 F.3d at 874.  In any event, Ayala cannot establish a colorable due process claim because, as our case law has established, he possesses no constitutionally protected liberty or property interest in a motion to reopen *sua sponte*. *See Bing Quan Lin*, 881 F.3d at 868–69; *Scheerer*, 513 F.3d at 1253.

PETITION DISMISSED.

---

[1] Indeed, Ayala's motion only invoked the BIA's *sua sponte* authority and made no refence to statutory reopening, nor did it cite to the statute, 8 U.S.C. § 1229a(c)(7)(A).  As a result, Ayala abandoned any claim that his motion should have been construed as one seeking statutory reopening. *See Lapaix*, 605 F.3d at 1145.